# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00668-MOC
# (3:17-cr-00347-MOC-DCK-1)

| | |
|---|---|
| TYREE BELK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241. [Doc. 1].

## I. BACKGROUND

On August 22, 2018, Petitioner was charged in a Second Superseding Indictment with one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count One); aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and 2 (Count Two); one count of using, carrying, and brandishing a firearm in furtherance of a crime of violence, that is aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. § 924(c) (Count Three); one count of possession with intent to distribute a controlled substance analogue in violation of 21 U.S.C. § 841(a)(1) (Count Four); one count of possession of a firearm in furtherance of a drug trafficking crime, that is possession with intent to distribute a controlled substance analogue, in violation of 18 U.S.C. § 924(c) (Count Five); two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Counts Six and Nine); one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count Seven); and one count of using, possessing, and discharging

a firearm in furtherance of a crime of violence, that is Hobbs Act robbery, in violation of 18 U.S.C. § 924(c) (Count Eight). [Criminal Case No. 3:17-cr-00347-MOC-DSK ("CR"), Doc. 23: Second Superseding Bill of Indictment].

On February 5, 2019, while Petitioner was awaiting trial, Petitioner filed a petition for writ of habeas corpus. Petitioner sought release under a *habeas corpus* theory based on what Petitioner contended was a defect in state process for Petitioner's arrest. [CR Doc. 37]. This Court denied this petition and held as follows:

> [Petitioner] is not before this federal court on the warrants issued by the State of North Carolina. Rather [Petitioner] is before the Court on an Arrest Warrant [CR Doc. 2] properly issued by the Clerk of this Court and a Writ of Habeas Corpus *Ad Prosequendum* [CR Doc. 4] which was properly applied for and issued by a judge of this court. Even if it were assumed that defendant was illegally arrested by state authorities, "[a]n illegal arrest, without more, is neither a bar to subsequent prosecution nor a defense to a valid conviction." United States v. Pineda-Chinchilla, 712 F.2d 942, 943 (5th Cir. 1983) (*per curiam*) (citations omitted). Thus, it matters not whether the State of North Carolina crossed all the T's and dotted all the I's in procuring arrest warrant(s) on any underlying state charges. What is important here is that defendant was indicted in this federal court upon a facially valid charging instrument; that a valid warrant for his arrest was issued by the Clerk of this Court; and that a judge of this case caused a Writ to be issued compelling the State of North Carolina to bring defendant to this court for prosecution on those federal charges.

[CR Doc. 38 at 1-2].

Petitioner, proceeding pro se, filed several other motions before the trial in this matter, including a "Motion to Quash Arrest Warrants" [CR Doc. 42], again contesting the legality of the arrest warrants in the underlying state proceedings and seeking that all charges against him in the federal proceedings be dismissed. The Court denied this motion for the reasons stated in that Order. [CR Doc. 53]. On May 13, 2019, Petitioner moved to suppress "any and all items, evidence, contraband[,] fruits, statements and documents … that were seized or made as a result

of the lawful arrest of [Petitioner]." [CR Doc. 62]. Hearing on Petitioner's motion to suppress was held on July 10, 2019. The Court denied Petitioner's motion to suppress [Doc. 85] and the trial in this matter began on July 15, 2019. The Court dismissed Count Five after the close of evidence. The jury found Petitioner guilty on Counts One, Two, Three, Four, and Six and not guilty on Counts Seven, Eight, and Nine. [CR Doc. 89].

On July 26, 2019, Petitioner filed a pro see motion for new trial [CR Doc. 92], which the Court denied [CR Doc. 94]. On October 23, 2019, Petitioner again moved for a new trial. [Doc. 105]. The Court also denied this motion. [CR Doc. 111]. On November 19, 2019, Petitioner moved the Court to reconsider its denial of Petitioner's motion for a new trial. [CR Doc. 114]. The Court has calendared this motion to reconsider for hearing on January 15, 2020. Judgment on Petitioner's conviction has not been entered and Petitioner has not been sentenced. Petitioner remains in the physical custody of the Mecklenburg County Jail.

On December 6, 2019, Petitioner filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking immediate release from federal custody or a new trial conducted without the use of "unlawfully obtained evidence." [Doc. 1 at 7-8]

II.     **DISCUSSION**

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 must attack the way a sentence is executed. Petitions challenging a federal conviction or sentence, on the other hand, are properly construed as motions pursuant to § 2255. A federal prisoner seeking to challenge a federal conviction or sentence may seek relief pursuant to 28 U.S.C. § 2241, however, when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). In the instant case, relief under § 2241 is not available, as a petition pursuant to § 2255 is not "inadequate or ineffective" to test the legality

3

of Petitioner's detention as that term is defined.[1]  Rather, any action Petitioner may ultimately bring on direct appeal or under § 2255 is not yet ripe.

Here, as noted, the Court has not yet entered judgment on Petitioner's conviction and Petitioner has not been sentenced.  On October 23, 2019, Petitioner moved for a new trial. [CR Doc. 105]. Petitioner's motion to reconsider the denial of a new trial remains pending, with a hearing on that motion set for January 15, 2020.  There has also, of course, been no appeal of Petitioner's conviction or sentence.  Plaintiff is, therefore, not entitled to bring a Section 2241 petition.

Further, a habeas writ is not a substitute for direct review of Petitioner's conviction in any event.  U.S. v. Martinez, 139 F.3d 412, 415 (4th Cir. 1998).  The issue Plaintiff presents in his habeas petition should be challenged, if at all, on direct appeal.

### III.  CONCLUSION

For the reasons stated herein, Petitioner's § 2241 petition is denied and dismissed.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Petition for Writ of Habeas Corpus under § 2241 [Doc. 1] is **DENIED** and **DISMISSED**.

2. The Clerk is directed to terminate this action.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell,

---

[1] Under the so-called "savings clause" of § 2255, a remedy under § 2255 is only inadequate and ineffective when (1) at the time of conviction, settled law of the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; <u>and</u> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); see also 8 U.S.C. § 2255(e).

537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: January 6, 2020

Max O. Cogburn Jr
United States District Judge